## ROURA v. MISSISSIPPI SHIPPING CO., Inc.

District Court, S. D. New York.

Feb. 9, 1948.

Jacob Rassner and Alfred Shafter, both of New York City, for plaintiff.

Tompkins, Boal & Tompkins, of New York City (Arthur M. Boal, of New York City, of counsel), for defendant.

GALSTON, District Judge.

The plaintiff, a junior engineer on board the S.S. Tulane Victory, was injured on January 6, 1946, in the engine room of that vessel. This action is brought for injuries which he sustained from a flare back from one of the boilers on the ship.

It was stipulated by counsel that a jury be waived and also that findings of fact and conclusions of law be waived, and that the court be authorized to fix the amount of damages as the verdict of the court.

Pursuant to the stipulation, the court did appoint Dr. George H. Hyslop as a medical expert to examine the plaintiff. Thereafter at the request of Dr. Hyslop, Dr. Clyde E. McDannald, an oculist, also examined the plaintiff.

I have read the reports of the doctors, the hospital records, and the examination before trial of the plaintiff.

There is no doubt that the plaintiff sustained severe burns on his forearms, and of a lesser degree on his face.

The scars on his face have disappeared. There is a scar on the left elbow. He was taken to the Stapleton Marine Hospital and remained there twenty-six or twenty-seven days as an in-patient, and thereafter went back to report on a number of occasions, the last of which was February 15, 1946.

Thereafter he was treated at the Hudson & Jay Street Marine Hospital as an out-patient, and glasses were prescribed for him for reading purposes, though he did testify that he wore them on the street also.

He resumed work on the vessel Huntington some time in May, 1946, as a fireman water-tender. From that vessel he went to another ship, the S.S. Victory, on which he remained from three weeks to a month. On that vessel he sailed to France and back as a plumber in the engine room. Since May, 1946, he has done very little work, though he did make a trip on the United States Army transport General Harry Taylor, leaving on November 6, 1946; and also on the Farrar of the Union Sulphur Company. On the latter vessel he was an oiler, going to Genoa and back to Galveston, where he left the ship, the trip having lasted about two months. At the time of the examination before trial, which was held on November 21, 1946, he was not working. He complained that his left leg had a tendency to cave in as he walked. He also complained of the condition of his left eye.

Referring now to the comprehensive report of Dr. George H. Hyslop, made January 20, 1948, and accepting his opinion after a review of all the data referred to therein, as well as the report of Dr. McDannald, the oculist who examined the

plaintiff on January 27, 1948, which report was also referred to in Dr. Hyslop's report, I reach the conclusion that the plaintiff is able to work, and that there is no "organic residual" of the burns which he sustained on the day of the accident. The head and hand pains are regarded by Dr. Hyslop as psychogenic, and have no evident physical basis. Likewise the visual field defect at this late date is regarded as psychogenic in nature, and has to be judged in terms of the plaintiff's credibility.

In consequence the main factors to be considered in reaching a figure of compensation, are the pain and suffering which he sustained, and his loss of earnings. It does not appear that future earnings will be affected.

As I intimated to counsel when the stipulation was entered into, there is no formula by which pain and suffering can be estimated. However, the injuries were for a number of weeks severely painful, and thereafter to a lesser degree. Also initially he did sustain some shock. What with the loss of earnings during the period of hospitalization and subsequent treatment, I believe he should be awarded the sum of $5,000.